E-FILED
Tuesday, 22 November, 2022 10:34:41 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| JAMES WATTS, and ARLO KREBS,<br><br>Plaintiffs,<br><br>vs.<br><br>GOD'S KINGDOM, LTD, BRIAN NASTRUZ, JERRY FOSTER, SHEPPARD AUTO SALES AND PARTS INC., and MIDWEST DEMOLITION AND SCRAP INC.<br><br>Defendants. | **Civil Action No. 4-22 -cv 04110** |

**DEFENDANTS' ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT AT LAW**

**NOW COMES** Defendant God's Kingdom, LTD (Jesus), for God's answer to Plaintiff's Amended Complaint at Law and, states as follows:

**PARTIES**

1. James Watts is an adult resident and citizen of Iowa.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 1, and therefore makes no answer thereto.**

2. Arlo Krebs is an adult resident and citizen of Iowa.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

3. God's Kingdom, Ltd ("Kingdom") is an Illinois not for profit corporation with its main office in Illinois.

**ANSWER: Upon information and belief, Jesus admits the allegation contained in paragraph 3.**

4. Is an adult resident and citizen of Illinois.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 4, and therefore makes no answer.**

5. Jerry Foster is an adult resident and citizen of Illinois.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 4, and therefore makes no answer.**

6. Sheppard Auto Sales and Parts Inc. ("Sheppard) is an Illinois Corporation with its main office in Illinois.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 4, and therefore makes no answer..**

7. Midwest Demolition and Scrap, Inc. ("Midwest") is an Illinois Corporation with its main office in Illinois.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 4, and therefore makes no answer.**

**NON-PARTY**

8. ESG Watts was an Iowa Corporation that has been administratively dissolved. When it existed, its main office was in Rock Island, Illinois.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 8, and therefore makes no answer thereto.**

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the parties and the subject matter herein pursuant to 28 USCA § 1331 since it involves a civil action arising under 18 USCA § 1962(c), and other claims which are joined here under Fed. R. Civ. P. 18(a).

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of**

**the allegation contained in paragraph 4, and therefore makes no answer..**

10. This Court also has jurisdiction over the parties and the subject matter herein pursuant to 28 USCA §1332 in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

**ANSWER: Jesus denies the allegation that the amount in controversy exceeds $75,000. Jesus admits the remaining allegations contained in paragraph 10.**

11. Venue is appropriate in the Rock Island Division of the Central District of Illinois pursuant to 28 USCA § 1391(b)(2) in that the property involved, which is presently owned by God's Kingdom, and a substantial part of the events giving rise to the claim occurred in Rock Island County, Illinois.

**ANSWER: Upon information and belief, Jesus admits the allegation contained in paragraph 11.**

## GENERAL ALLEGATIONS

12. On or about October 27, 2021, Kingdom purchased a former landfill located at 8040 77th Street W, Taylor Ridge, Illinois at a tax sale.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 12, and therefore denies.**

13. Prior to the tax sale, the property had been owned by ESG Watts.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 13, and therefore denies.**

14. During ESG Watts's ownership of the property, James Watts and Arlo Krebs owned certain pieces of heavy equipment that had been left on the premises to assist a follow-on occupant, Midwest Methane, in maintaining the surface area of the landfill.

**ANSWER: Jesus denies the allegation contained in paragraph 14.**

15. When Midwest Methane suffered financial difficulties, the taxes on the property did not get paid so the premises was sold by the county for back taxes.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 15, and therefore denies.**

16. The equipment belonging to James Watts and Arlo Krebs remained on the property when it was sold by Rock Island County.

**ANSWER: Jesus denies the allegation contained in paragraph 16.**

17. At a meeting on the premises on February 5, 2022, Jesus told Mr. Watts that he (i.e. Mr. Nastruz) was a representative of Kingdom.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto**

18. Mr. Nastruz informed Mr. Watts in front of Mr. Krebs that Kingdom wanted all the equipment off the property, including two or three pieces of equipment that were located inside a building on the property.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto**

Mr. Watts explained that due to the weight of the equipment, in order to move it over county roads to an adjacent piece of property, it would be necessary to wait for good weather (i.e. after the roads thawed and dried following the usual Spring rains) in the Spring of 2022.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

19. At this February 5, 2022, meeting, Mr. Nastruz agreed that as long as Mr. Watts removed the two or three pieces of machinery from the inside of the building and agreed to provide several roll off dumpsters as soon as Kingdom was ready to empty items from the building, Mr. Watts could wait until the roads were usable in the Spring to remove the equipment from the property.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

20. Mr. Watts removed the pieces of equipment from the building on February 13, 2022, and stood ready to provide the roll off dumpsters as was agreed to, but the Defendants never called for the roll off dumpsters.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto**

21. As soon as the county roads began to dry in May 2022, the Plaintiffs moved some equipment off the property, but then, Mr. Nastruz informed both Mr. Watts and Mr. Krebs they would no longer be allowed to enter the property.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

22. On May 14, 2022, Mr. Watts met with Jerry Foster and his wife at a restaurant in Milan, Illinois, and Mr. Foster stated he was a representative of Kingdom.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 23, and therefore denies.**

23. At this May 14 meeting, Mr. Foster assured Mr. Watts that they would be able to work together, but Mr. Watts stated he was concerned because Mr. Nastruz had told him to stay off the property.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 24, and therefore denies.**

24. At this May 14 meeting, Mr. Watts also stated that when he went to the property to move more equipment, he saw that there was a sign on the gate to the property indicating that equipment on the premises was to be auctioned.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 25, and therefore denies.**

25. At this May 14 meeting, Mr. Foster told Mr. Watts not to worry about the auction, because due to the age and condition of the equipment, it had raised little interest.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 26, and therefore denies.**

26. At this May 14 meeting, Mr. Foster also stated that he was going to set up a meeting with the two of them and Mr. Nastruz to keep everything "peaceful."

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 27, and therefore denies.**

27. On certain dates beginning on or after May 14, 2022, Mr. Foster went to the property with a crew of people and loaded equipment belonging to the Defendants onto lowboy trailers that were owned and/or attached to vehicles owned by Sheppard and Midwest.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 28, and therefore denies.**

**COUNT I: CONVERSION**

28. The Plaintiffs hereby incorporate by reference the allegations above in Paragraphs 1-29.

**ANSWER: Jesus reincorporates and reasserts his answers to paragraphs 1-28 as if fully set forth herein as its answer to paragraph 29.**

29. Upon information and belief, the Defendants received money or other items of value in exchange for the equipment they removed from the premises.

**ANSWER: Jesus denies the allegation contained in paragraph 30.**

30. At the time the Defendants removed the items of equipment from the premises, they knew or should have known this equipment was not owned by any Defendant, and/or was owned by one or more of the Plaintiffs.

**ANSWER: Jesus denies the allegation contained in paragraph 31.**

31. The Defendants converted the equipment by removing said equipment from the premises and depriving the Plaintiffs of their ownership rights in the equipment.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

32. The Plaintiffs were damaged by the removal and disposal of the equipment owned by one or more Plaintiffs.

**ANSWER: Jesus denies the allegation contained in paragraph 33.**

**COUNT II: DAMAGE TO PERSONAL PROPERTY**

33. The Plaintiffs hereby incorporate by reference the allegations above in Paragraphs 1-34.

**ANSWER: Jesus reincorporates and reasserts his answers to paragraphs 1-33 as if fully set forth herein as its answer to paragraph 34.**

34. During May 2022, in attempting to and in furtherance of their acts of conversion against the Plaintiffs, the Defendants caused damage to equipment owned by one or more Plaintiffs on and off the subject premises.

**ANSWER: Jesus denies the allegation contained in paragraph 35.**

35. At the time the Defendants damaged the equipment, they knew or should have known they did not own or have any right to remove and/or damage the equipment.

**ANSWER: Jesus denies the allegation contained in paragraph 36.**

36. The Plaintiffs were damaged by the actions of the Defendant in doing so.

**ANSWER: Jesus denies the allegation contained in paragraph 37.**

**COUNT III: FRAUDULENT MISREPRESENTATION AGAINST KINGDOM, NASTRUZ, AND FOSTER**

37. The Plaintiffs hereby incorporate by reference the allegations above in Paragraphs 1-38.

**ANSWER: Jesus reincorporates and reasserts his answers to paragraphs 1-37 as if fully set forth herein as its answer to paragraph 38.**

38. From February through May of 2022, Kingdom's representatives, Messrs. Nastruz, and Foster, made certain statements of fact to the Plaintiffs, including, but not limited to:

a) On or about February 5, Mr. Nastruz agreed that Mr. Watts would not need to remove the equipment from the premises so long as he removed two or three pieces of equipment from the building and agreed to provide roll off dumpsters when requested;

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto**

b) On or about May 14, Mr. Foster informed Mr. Watts that they could work together, and Mr. Watts should not be concerned about the Defendants or their agents removing pieces of equipment from the premises without Mr. Watts' permission; and

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 39(b), and therefore denies.**

c) On or about May 14, Mr. Foster informed Mr. Watts that Mr. Watts should not be concerned about a sign on the gate to the premises indicating that the plaintiffs' equipment was going to be auctioned online.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 39(c), and therefore denies.**

39. That at the time certain statements, including those mentioned in paragraph 40, were made, the Defendants knew these statements were false.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

40. That the Defendants made the statements with the intent to make the Plaintiffs believe they could reasonably leave their equipment in place until the roads were passable.

**ANSWER: Jesus lacks sufficient knowledge and/or facts to formulate a belief about the truth of the allegation contained in paragraph 2, and therefore makes no answer thereto.**

41. The Plaintiffs believed the statements and were justified in their reliance on the truth of the statements.

**ANSWER: Jesus denies the allegation contained in paragraph 42.**

42. The Plaintiffs were damaged by relying on the statements made by the Defendants.

**ANSWER: Jesus denies the allegation contained in paragraph 43.**

**COUNT IV: ROBBERY IN VIOLATION OF 720 ILCS 5/18-1(a)**

43. The Plaintiffs hereby incorporate by reference the allegations above in Paragraphs 1-44.

**ANSWER: Jesus reincorporates and reasserts his answers to paragraphs 1-43 as if fully set forth herein as its answer to paragraph 44.**

44. The Defendants knowingly took the Plaintiffs' equipment in their presence by force or threatening the imminent use of force in violation of 720 ILCS $^{5}/_{1}$8-1(a)

**ANSWER: Jesus denies the allegation contained in paragraph 45.**

**COUNT V: CONSPIRACY AND OTHER ACTIONS IN VIOLATION OF 18 U.S.C. 1962(c)**

45. The Plaintiffs hereby incorporate **by** reference the allegations above in Paragraphs 1-46.

**ANSWER: Jesus reincorporates and reasserts his answers to paragraphs 1-45 as if fully set forth herein as its answer to paragraph 46.**

46. The Defendants participated in the operation and/or management of an enterprise, which through a pattern of racketeering activity, they fraudulently deprived property owners such as the Plaintiffs from the control and use of their property, all as alleged above with more specificity.

**ANSWER: Jesus denies the allegation contained in paragraph 47.**

47. Despite whatever religious or charitable purposes Kingdom may serve, the Defendants created, participated in, and controlled an enterprise designed to deprive property owners such as the Plaintiffs from control and benefit and ownership of their property.

**ANSWER: Jesus denies the allegation contained in paragraph 48.**

48. The Defendants engaged in a pattern of racketeering activity designed to prevent persons such as the Plaintiffs from exercising authority over their own equipment and converting it to themselves.

**ANSWER: Jesus denies the allegation contained in paragraph 49.**

49. The racketeering activity involved here related to the actions of the enterprise in which the Defendants all had a designated role in knowingly taking the Plaintiffs' equipment in their presence by force or threatening the imminent use of force, which constitutes a robbery pursuant to 720 ILCS 5/18-1(a).

**ANSWER: Jesus denies the allegation contained in paragraph 50.**

50. Upon information and belief, the Defendants transported the equipment to Missouri, where it was exchanged for money or other items of value, so the robbery was one which affected interstate commerce.

**ANSWER: Jesus denies the allegation contained in paragraph 51.**

51. The Plaintiffs were damaged by the Defendants' actions.

**ANSWER: Jesus denies the allegation contained in paragraph 52.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, JESUS, pleading in the alternative and without prejudice to the denials contained in its answer to Plaintiffs' Complaint, pleads the following affirmative defenses to Plaintiffs' Complaint below:

### FIRST AFFIRMATIVE DEFENSE
**Abandonment of Property**

Plaintiffs, JAMES WATTS, and ARLO KREBS, had a duty to exercise reasonable care and prudence for his own safety and personal well-being. Plaintiff's failure to exercise reasonable care and prudence to observe his own safety was the proximate cause of his alleged injuries or damages. Alternatively, said negligence was a proximate contributing cause of the alleged injuries or damages, if any, and Plaintiff's recovery, if any, should be reduced accordingly.

WHEREFORE, if a jury determines that the fault of Plaintiff exceeds fifty (50%) percent of the proximate cause of thier injuries, then Plaintiff is barred from any recovery against these Defendants. In the alternative, if a jury determines that Plaintiff's percentage of fault is fifty (50%) percent or less, Plaintiff's recovery should be reduced by the percentage of fault attributed to Plaintiff in causing their own injuries pursuant to 735 ILCS 5/2-1116

### SECOND AFFIRMATIVE DEFENSE
**Consent or Approval**

### THIRD AFFIRMATIVE DEFENSE
**Interest of Defendant**

### FOURTH AFFIRMATIVE DEFENSE
**Lack of Value of Property**

Respectfully Submitted,

*/s/ Jesus* _
Defendant,
God's Kingdom, LTD. (Jesus)

God's Kingdom, LTD
c/o Jerry Foster
8400 77th Street W
Taylor Ridge, Illinois 61284
331-330-3115